UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:21-cv-0051-CKD<br><br><br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

Plaintiff is a state inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.  **Motion to Proceed In Forma Pauperis**

Plaintiff requests leave to proceed in forma pauperis in this action. ECF No. 6. However,

> "[i]n no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of court records reveals that on at least three prior occasions, plaintiff has filed civil actions that were dismissed at the initial screening stage as barred by the statute of limitations. See Williams v. Aparicio, No. 2:14-cv-08640 (C.D. Cal. Feb. 5, 2015);

1

1  Williams v. Kerkfoot, No. 2:14-cv-07583 (C.D. Cal. May 15, 2015); Williams v. Young, No.
2  2:14-cv-8037 (C.D. Cal. May 19, 2015).  All three of these civil actions constitute "strikes"
3  pursuant to 28 U.S.C. § 1915(g).  See Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015).
4  Moreover, the Ninth Circuit Court of Appeal has already affirmed the judgment in two separate
5  district court cases finding that these same actions constituted "strikes."  See Williams v.
6  Degeorges, 2017 WL 3530901 (9th Cir. 2017) (unpub.); see also Williams v. Just, 696 Fed.
7  Appx. 261 (9th Cir. 2017) (unpub.).
8      In light of the court's finding that plaintiff has three or more prior strikes, he may only be
9  granted leave to proceed in forma pauperis if the allegations in his complaint suggest that he is
10 "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  In order to meet the
11 imminent danger exception, the court reviews "the conditions a prisoner faced at the time the
12 complaint was filed, not at some earlier or later time."  Andrews v. Cervantes, 493 F.3d 1047,
13 1053 (9th Cir. 2007).  A pro se complaint is also construed liberally to determine whether the
14 § 1915(g) exception applies.  See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Brown
15 v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).
16     In his complaint, plaintiff alleges that on November 25, 2020 he got into a verbal
17 confrontation with defendant Munoz about the use of a face mask to prevent the spread of
18 COVID-19.  ECF No. 1 at 3.  During this exchange, defendant Munoz called plaintiff a "punk" in
19 the presence of other inmates.  ECF No. 1 at 3.  This term in the prison context is derogatory in
20 nature and also connotes an individual's sexual orientation.  ECF No. 1 at 3.  According to
21 plaintiff, this placed him in imminent danger of serious physical injury from other inmates.  Id.
22 After plaintiff informed defendant Munoz that he would file an inmate grievance against him,
23 plaintiff was placed in even greater fear.  ECF No. 1 at 3-4.  On December 1, 2020, defendant
24 Munoz punched plaintiff in the mouth when serving him with a Rules Violation Report ("RVR").
25 ECF No. 1 at 4.  Defendant Munoz also made veiled threats if plaintiff pursued any grievances
26 about defendant's actions.  Id.  On December 18, 2020, defendant Munoz told plaintiff that if he
27 finds out about any paperwork that plaintiff filed against him he would ensure that plaintiff
28 received "a toe tag parole."  ECF No. 1 at 5.  Plaintiff filed the instant complaint on December 21,

2020 raising, in part, a First Amendment retaliation and an Eighth Amendment excessive force claim against defendant Munoz.[1]  ECF No. 1 at 16.

Based on the allegations in the complaint, the court finds that plaintiff meets the imminent danger exception of § 1915(g).[2]  Accordingly, the court will grant plaintiff's request to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.   Exhaustion of Administrative Remedies

Plaintiff is advised that under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

It appears plain from the face of the complaint that plaintiff did not exhaust his administrative remedies in the three-day period of time between the last factual allegation against defendant Munoz and the date that plaintiff gave the complaint to prison authorities for filing.

---

[1] The remaining defendant and claims for relief are not germane to the court's discussion of imminent danger and are therefore not discussed herein.

[2] Since filing the complaint, plaintiff has been transferred to a different prison.

3

Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (indicating that where failure to exhaust is clear from face of complaint, the case is subject to dismissal for failure to state a claim under Rule 12(b)(6). Plaintiff acknowledges that there are available administrative remedies and concedes that he has not pursued them with respect to any of his claims for relief. ECF No. 1 at 3, 5-6.[3] Therefore, plaintiff will be required to show cause why this case should not be dismissed without prejudice for failing to exhaust his administrative remedies prior to filing suit.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff is ordered to show cause within 30 days from the date of this order why this action should not be dismissed without prejudice for plaintiff's failure to exhaust his administrative remedies prior to filing suit.
4. The failure to respond to this order will result in a recommendation that this case be dismissed for failure to prosecute.

Dated: April 22, 2021

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/will0051.grantIFP+OSC.docx

---

[3] To excuse this, plaintiff relies on his allegations of imminent injury. ECF No. 1 at 3, 5-6. However, the imminent danger exception applies only to plaintiff's ability to proceed in forma pauperis after sustaining three prior strikes.