UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:21-cv-00051-CKD P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On April 23, 2021, this court ordered plaintiff to show cause why his complaint should not be dismissed based upon his failure to exhaust his administrative remedies prior to filing suit. See 42 U.S.C. § 1997e(a). Plaintiff filed a response asserting that his failure to exhaust was caused by defendant Munoz's threats of retaliation. ECF No. 11 (citing McBride v. Lopez, 807 F.3d 982 (9th Cir. 2015)). The court views the record as insufficient to rule on the issue of plaintiff's exhaustion of administrative remedies at this preliminary juncture. Therefore, the court will discharge the show cause order and proceed to screen plaintiff's complaint.

**I.      Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II. Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at Deuel Vocational Institution. ECF No. 1 at 1. Plaintiff alleges that on November 25, 2020 he got into a verbal confrontation with defendant Munoz about the use of a face mask to prevent the spread of COVID-19. ECF No. 1 at 3. During this exchange, defendant Munoz called plaintiff a "punk" in

the presence of other inmates. ECF No. 1 at 3. According to plaintiff, this term in the prison context is derogatory in nature and placed plaintiff at risk of violence from other inmates. ECF No. 1 at 3. As the encounter escalated, defendant Munoz threatened to "search plaintiff's cell, tear up his legal work, break his appliances and plant shamble contraband on plaintiff. ECF No. 1 at 4.

On December 1, 2020, defendant Munoz served a disciplinary rules violation on plaintiff in retaliation for requesting an inmate grievance form to complain about their prior encounter. ECF No. 1 at 4. In the course of giving him the papers, defendant Munoz punched plaintiff in the left jaw area. Id.

On a third occasion on December 18, 2020, defendant Munoz threatened that plaintiff would get a "toe tag parole" if plaintiff filed a grievance against him. ECF No. 1 at 5.

Plaintiff alleges that all of these actions by defendant Munoz amounted to the use of excessive force and a threat to his safety and security in violation of the Eighth Amendment as well as a violation of his First Amendment right to be free from retaliation.

In his third claim for relief, plaintiff alleges that defendant Allison violated his First Amendment "freedom of choice, speech, protest, [and] assembly" by implementing a regulation requiring all inmates to wear a face mask or receive a disciplinary rules violation. ECF No. 1 at 6.

**III.     Legal Standards**

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See

Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

A prisoner's First Amendment rights are necessarily "more limited in scope than the constitutional rights held by individuals in society at large." Shaw v. Murphy, 532 U.S. 223, 229 (2001) (holding that prisoners do not have a First Amendment right to provide legal assistance to other inmates). Thus, an inmate retains only "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974); Bell v. Wolfish, 441 U.S. 520, 545 (1979); Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir. 2001).

A prison regulation that infringes on a constitutional right "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). The Supreme Court adopted a four-part standard in Turner for evaluating the constitutionality of prison regulations. Id. "First, there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." Turner, 482 U.S. at 89 (internal citation omitted). Next, the court reviews whether alternative means for exercising the constitutional right remain open to inmates. Id. at 90. "A third consideration is the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." Id. Lastly, the court considers whether there exist reasonable alternatives to the prison regulation that could be implemented with a de minimis cost to the interests of the prison. Id. at 90-91.

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying

"deliberate indifference" to that risk. Farmer, 511 U.S. at 834. However, the verbal exchange of offensive insults between inmates and guards does not rise to the level of an Eighth Amendment violation. See Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (citation omitted) (stating that "verbal harassment generally does not violate the Eighth Amendment"), amended on other grounds by 135 F.3d 1318 (9th Cir. 1998).

**IV.     Analysis**

After conducting the required screening, the court finds that plaintiff may proceed on the Eighth Amendment excessive force claim against defendant Munoz. The verbal threats and harassment by defendant Munoz do not rise to the level of a separate Eighth Amendment violation. See Keenan, 83 F.3d at 10192. To the extent that plaintiff alleges a separate cause of action for retaliation by defendant Munoz, the court finds the allegations in the complaint are too vague to state a valid claim for relief. Defendant Munoz did not take any adverse action against plaintiff for asserting his right to file an inmate grievance. Plaintiff alleges that Munoz only threatened to retaliate against him. It appears to the court that plaintiff may be relying upon the disciplinary violation issued against him by defendant Munoz to support his retaliation claim. However, the disciplinary violation was based on plaintiff's failure to comply with the regulation requiring inmates to wear face masks. This CDCR regulation certainly advances a legitimate correctional goal of preventing the spread of COVID-19. As such, it cannot form the factual basis to support a retaliation claim. Rhodes, 408 F.3d at 567-68.

Plaintiff's First Amendment causes of action against defendant Allison fail to state a claim for relief applying the four-part Turner standard. See also Johnson v. California, 543 U.S. 499, 510 (2005) (emphasizing that the Turner standard only requires prison regulations to be "reasonably related to legitimate penological interests") (internal quotation marks omitted). In light of the COVID-19 global pandemic, the decision to require all staff, inmates, and visitors to wear a face mask is reasonably related to the prevention of, and the reduction in, the spread of this deadly disease within prisons. See Centers for Disease Control and Prevention, Covid-19 Guidance For People Living in Prisons and Jails, https://tinyurl.com/2cfvxkz, March 5, 2021. In

light of the court's finding that the prison regulation is reasonably related to legitimate penological interests, there is no need to address the remaining Turner factors. Therefore, the First Amendment claims against defendant Allison are dismissed with leave to amend.

Plaintiff may elect to proceed immediately on the Eighth Amendment excessive force claim against defendant Munoz; or, in the alternative, plaintiff may elect to amend his complaint to attempt to cure the deficiencies with respect to the remaining claims. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the excessive force claim found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the additional claims pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the Eighth Amendment excessive force claim found cognizable against defendant Munoz; or, (2) amend the complaint to fix the problems identified in this order with respect to the remaining claims. **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the Eighth Amendment excessive force claim found cognizable in this screening order and will recommend dismissing the remaining claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's April 23, 2021 order to show cause is discharged based on plaintiff's response.
2. Plaintiff has the option to proceed immediately on the Eighth Amendment excessive force claim against defendant Munoz. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims.
3. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

/////
/////
/////
/////
/////

7

4. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claim identified above.

Dated:  June 29, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/will0051.dischargeOSC+option.docx

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

    Plaintiff,

v.

KATHLEEN ALLISO1, et al.,

    Defendants.

No. 2:21-cv-00051-CKD

NOTICE OF ELECTION

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment excessive force claim against defendant Munoz. Plaintiff voluntarily dismisses the remaining claims.

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.

DATED:

    _____
    Plaintiff