UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-00051-CKD<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

By order dated June 29, 2021, the court screened the original complaint and gave plaintiff the option of proceeding on the Eighth Amendment excessive force claim against defendant Muñoz or of filing an amended complaint to cure the deficiencies identified with the remaining claims. Plaintiff elected to file a first amended complaint which is now before the court for screening.

**I.    Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion

1

thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.  Allegations in the First Amended Complaint

At all times relevant to the allegations in the amended complaint, plaintiff was an inmate at Deuel Vocational Institution. On November 25, 2020, defendant Muñoz and plaintiff got into a verbal altercation concerning the type of face mask that plaintiff was wearing to protect himself from COVID-19. In the course thereof, defendant Muñoz called plaintiff a name which is derogatory in the prison context.

On December 1, 2020, defendant Muñoz came to plaintiff's cell to serve him with a Rules Violation Report ("RVR"). While doing so, defendant Muñoz told plaintiff that the RVR was "payback for filing a grievance…." ECF No. 13 at 5. However, the amended complaint also indicates that plaintiff did not file a grievance against this defendant. While in the doorway of plaintiff's cell, defendant Muñoz threw the RVR papers on the floor. Plaintiff responded by calling defendant Muñoz a name. Defendant Muñoz then punched plaintiff in the mouth causing injury.

Plaintiff additionally challenges the CDCR regulation requiring face masks imposed by defendant Allison in response to the COVID-19 pandemic. Plaintiff contends that this regulation violates his First Amendment rights of "choice, protest, speech [and] assembly." ECF No. 13 at 8. As a remedy, plaintiff seeks monetary damages and injunctive relief.

## III.  Legal Standards

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984).

A prison regulation that infringes on a constitutional right "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). The

2

Supreme Court adopted a four-part standard in Turner for evaluating the constitutionality of prison regulations. Id. "First, there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." Turner, 482 U.S. at 89 (internal citation omitted). Next, the court reviews whether alternative means for exercising the constitutional right remain open to inmates. Id. at 90. "A third consideration is the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." Id. Lastly, the court considers whether there exist reasonable alternatives to the prison regulation that could be implemented with a de minimis cost to the interests of the prison. Id. at 90-91.

### IV. Analysis

After conducting the required screening, the court finds that plaintiff may proceed on the Eighth Amendment excessive force claim against defendant Muñoz based on his actions while serving the RVR on December 1, 2020. However, the verbal threats and harassment by defendant Muñoz do not rise to the level of a separate Eighth Amendment violation. See Keenan, 83 F.3d at 1092.

Plaintiff alleges that defendant Muñoz's act of filing an RVR against him supports a First Amendment retaliation claim. However, the factual allegations do not support a retaliation claim as a matter of law for two reasons. First, plaintiff indicates that he did not actually file a grievance against defendant Muñoz. Even assuming the truthfulness of defendant Muñoz's statement, plaintiff did not actually engage in any protected First Amendment activity that resulted in the RVR. Secondly, as plaintiff was previously advised, inmates do not have a constitutionally protected right from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Therefore, the undersigned recommends dismissing the retaliation claim against defendant Muñoz.

Likewise, plaintiff has not cured the deficiencies identified in the court's prior screening order with respect to the First Amendment claim against defendant Allison. Plaintiff's First Amendment cause of action against defendant Allison fails to state a claim for relief applying the four-part Turner standard. See also Johnson v. California, 543 U.S. 499, 510 (2005)

(emphasizing that the Turner standard only requires prison regulations to be "reasonably related to legitimate penological interests") (internal quotation marks omitted).  In light of the COVID-19 global pandemic, the decision to require all staff, inmates, and visitors to wear a face mask is reasonably related to the prevention of, and the reduction in, the spread of this deadly disease within prisons.  See Centers for Disease Control and Prevention, Covid-19 Guidance For People Living in Prisons and Jails, https://tinyurl.com/2cfvxkz, March 5, 2021.  In light of the court's finding that the prison regulation is reasonably related to legitimate penological interests, there is no need to address the remaining Turner factors.  Therefore, the undersigned recommends dismissing the First Amendment claim against defendant Allison.

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.

It appears to the court that further amendment of this case would be futile because the First Amendment claims against defendants fail as a matter of law.  Therefore, the undersigned recommends that these claims be dismissed without leave to amend.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your First Amendment claims against defendants Muñoz and Allison be dismissed without leave to amend and that your case proceed only on the Eighth

4

Amendment excessive force claim against defendant Muñoz.

If you disagree with this recommendation related to the retaliation claim and the claims against defendant Allison, you have 14 days to explain why. Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will then make a final decision.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that the First Amendment claims against defendants Muñoz and Allison be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 1, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/will0051.F&R.docx