UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:21-cv-00051-CKD P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's motion seeking to estop defendant from raising the affirmative defense of his failure to exhaust administrative remedies prior to filing this action. ECF No. 30. The motion has been fully briefed by the parties. ECF No. 33, 34. For the reasons explained below, the court will deny plaintiff's motion without prejudice as premature.

In the motion, plaintiff asserts that the imminent danger of serious physical injury that he faced should prevent defendant from challenging his lack of exhaustion. ECF No. 30 at 1 (citing McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015). Defendant Munoz filed an opposition indicating that plaintiff was allowed to proceed in forma pauperis based on his allegations of imminent danger of serious physical injury at the time that he filed his complaint. ECF No. 33. This "does not relate to whether [p]laintiff exhausted his administrative remedies or whether such

1

1  remedies were unavailable to him for any reason." ECF No. 33 at 1-2.  Furthermore, if defendant
2  files a motion for summary judgment based on lack of exhaustion, plaintiff "will be afforded an
3  opportunity to oppose that motion and to explain why he was unable to exhaust" any available
4  administrative remedies.  ECF No. 33 at 3.  Plaintiff appears to acknowledge this by stating in his
5  reply that he "will refile it [when] defendants are allowed to raise a failure to exhaust claim."
6  ECF No. 34 at 1.

7       A review of the docket in this case indicates that the court has already determined that, at
8  this stage of the proceedings, the record is not sufficiently developed to rule on the issue of
9  plaintiff's exhaustion of administrative remedies.  ECF No. 12 at 1.  In fact, plaintiff filed his
10  motion before a discovery and scheduling order had even been entered in this case.  See ECF No.
11  32.  Therefore, the issue of plaintiff's exhaustion of administrative remedies is premature.

12       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 30) is denied
13  without prejudice as premature.

14  Dated:  March 7, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

22  12/will0051.estoppel.docx

2