UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:21-cv-00051-CKD P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court are defendant's motion to revoke plaintiff's in forma pauperis (IFP) status, plaintiff's motion and new affidavit to proceed IFP, and defendant's motion to dismiss based on plaintiff's fraudulent IFP application. ECF Nos. 40, 46, 48. All of the motions have been fully briefed by the parties. See ECF Nos. 43, 47, 48, 51, 52. For the reasons explained in further detail below, the court grants defendant's motion to dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(A) and denies the remaining motions as moot.

**I.      Factual and Procedural History**

At the time plaintiff initiated this action, he was a prisoner in state custody. See ECF No. 1 at 1 (identifying his place of incarceration). At the time that he filed the complaint, he also filed a motion to proceed IFP in order to proceed without prepayment of the filing fees. ECF No. 2;

see also 28 U.S.C. § 1915. Plaintiff's IFP application was missing his signature, so the court gave him the opportunity to submit a signed application. ECF No. 4. Plaintiff submitted the completed IFP application on January 22, 2021.[1] ECF No. 6. On April 23, 2021, the court concluded that on at least three prior occasions, plaintiff had filed civil actions that were dismissed as frivolous, malicious, or failed to state a claim upon which relief may be granted. ECF No. 8 at 1-2; see also 28 U.S.C. § 1915(g). As a three-strikes litigant, he was only entitled to proceed IFP if he was "under imminent danger of serious physical injury" at the time of filing. See 28 U.S.C. § 1915(g). The court granted plaintiff IFP status despite his prior strikes based on the allegations in the complaint which met the imminent danger exception of § 1915(g). ECF No. 8 at 2-3.

Thereafter, the court screened plaintiff's complaint and gave him the option of proceeding on the claims found cognizable or of filing an amended complaint. See ECF No. 12. Plaintiff elected to file a first amended complaint. ECF 13. After screening the first amended complaint and finding only a cognizable Eighth Amendment excessive force claim, the court ordered service on defendant Munoz. ECF No. 18. Defendant filed an answer and discovery closed on June 10, 2022. See ECF Nos. 31-32.

On July 28, 2022, plaintiff filed a notice of change of address in a separate civil action indicating that he was released from incarceration. See Williams v. Just, Case No. 2:18-cv-00740-KJM-DMC (E.D. Cal.) at ECF No. 118. The Clerk of Court updated plaintiff's mailing address in this case on July 29, 2022 to ensure proper service of process. Based on his release from incarceration, defendant filed a motion to revoke plaintiff's in forma pauperis status on August 4, 2021. ECF No. 40. On August 18, 2022, the court ordered plaintiff to complete a new IFP application for a non-prisoner within 30 days or file a statement of non-opposition to defendant's motion to revoke his IFP status. ECF No. 42.

Plaintiff untimely filed a new IFP application on September 26, 2022.[2] ECF No. 42.

---

[1] This filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule).

[2] As a non-prisoner, plaintiff is no longer entitled to the benefit of the prison mailbox rule to determine the constructive filing date of his pleadings. Although plaintiff signed the IFP

2

According to this application, which is signed under penalty of perjury, plaintiff is not currently employed and has not received any income from employment or from any other source within the past twelve months.³ ECF No. 46 at 1. Plaintiff further indicated that he did not possess any cash or have money in any checking or savings account. ECF No. 46 at 2.

On October 18, 2022, defendant filed a motion to dismiss the present action pursuant to 28 U.S.C. § 1915(e)(2)(A) asserting that plaintiff's new IFP application is fraudulent. ECF No. 48. Defendant relies on three pieces of evidence to demonstrate the falsity of the statements contained in plaintiff's IFP application. First, defendant submits that plaintiff's inmate trust account indicates that he received a settlement payment in May 2022 and, even after being released from prison, he still has $505 in his trust account. ECF No.48-2 at 4-13. Secondly, defendant points to a May 4, 2022 settlement agreement that plaintiff signed in a civil action in the Southern District of California in which he agreed to accept $1,400 in exchange for dismissing that case.⁴ ECF No. 48-1. Lastly, defendant submits that plaintiff's own filing in another civil action in the Central District of California demonstrates the falsity of his present IFP application. ECF No. 48-5 at 102-103 (Request to Proceed In Forma Pauperis in Case No. 2:20-cv-01373-PA-RR (C.D. Cal)). When requesting IFP status in the Central District of California, plaintiff indicated under penalty of perjury that he received $800 of income from employment for work performed between July 15, 2022 and September 1, 2022. ECF No. 48-5 at 102-103. Defendant asserts that plaintiff's failure to disclose all of these sources of income from the preceding twelve months constitutes

---

application on September 1, 2022, it was not received by the court until September 26, 2022. To the extent that plaintiff may have back-dated his signature, this does not render the application timely filed since he is no longer in custody.

³ Interestingly, plaintiff submitted the IFP form used in the Central District of California rather than this district's IFP form that was mailed to him and which requires him to sign "under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims." See E.D. Cal. Website, available at https://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/ (last checked December 7, 2022). The Central District's form was signed under penalty of perjury after being warned that "a false statement or answer to any question in this declaration will subject me to penalties for perjury." ECF No. 46 at 2.

⁴ The settlement agreement indicates that the funds were to be issued within 180 days and made payable to the client trust account of plaintiff's attorney after all outstanding CDCR obligations had been deducted from it. See ECF No. 48-1 at 4.

bad faith in light of his extensive litigation history. See ECF Nos. 48-4; 48-5; 48-6; 48-7; 48-8. As a result, plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A). As part of the motion, defendant requests that the court take judicial notice of the court dockets and records from plaintiff's prior cases. ECF No. 48-3.

In his opposition, plaintiff does not dispute any of the evidence presented by defendant. Instead, plaintiff focuses on what the May 2022 settlement payment was used to pay for, rather than the fact that this source of income was not disclosed on his IFP application. ECF No. 51. Plaintiff argues that he is still entitled to proceed IFP because he is currently homeless and on parole supervision, although he indicates that he receives general relief payments which were also not disclosed on the IFP application. ECF No. 51 at 1. Notably, plaintiff does not argue that his omissions on the IFP application were mere oversights or were made in good faith. In fact, he does not even address the contradictory IFP application that he filed in the Central District of California. ECF No. 51. However, plaintiff attaches an order from the Central District of California granting him IFP status despite this $800 of employment income. ECF No. 51 at 5-7. Plaintiff suggests that he is therefore entitled to proceed IFP in this case as well. ECF No. 51 at 2.

By way of reply, defendant points out that plaintiff "does not dispute that the representations he made on his IFP application were false." ECF No. 52 at 1. According to defendant, "[i]t is of no consequence how Williams spent the funds he received. He was still required to truthfully disclose on his IFP application that he had received those funds." ECF No. 52 at 2. Defendant submits that the court can infer that the false IFP application was submitted in bad faith based on his "familiarity with the IFP process through his extensive litigation history." Id. at 3. By defendant's count, plaintiff "has filed at least 39 other cases in U.S. district courts since 2014, and applied for IFP status in 33 of those cases." Id. Defendant requests that the court dismiss this case with prejudice based on plaintiff's abuse of the IFP process. Id. at 4.

## II.     Legal Standards

The ability to proceed in federal court without prepayment of the filing fee is a privilege, and not a right. Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960). To request to proceed without prepayment of the filing fee, a litigant must submit an affidavit of indigency that

is filed under penalty of perjury. 28 U.S.C. § 1915(a)(1). This affidavit is required in order to protect "the public against a false or fraudulent invocation of" the benefits of proceeding in forma pauperis which is intended to prevent "the filing of 'frivolous or malicious' lawsuits funded from the public purse." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993) (internal quotation and citations omitted). Moreover, the IFP statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-the allegation of poverty is untrue…." 28 U.S.C. § 1915(e)(2)(A).

### III. Analysis

In determining whether dismissal is appropriate, the court first reviews the evidence submitted by defendant to determine whether the IFP application itself is false. The court has not considered any remaining balance in plaintiff's prison trust account because he is no longer in custody. However, the court does rely on plaintiff's prison trust account as evidence of the settlement payment that was made to him within the last year. The May 19, 2022, deposit demonstrates the falsity of plaintiff's IFP application in which he indicated that he did not have any source of income during the preceding 12 months. Likewise, plaintiff omitted employment income that he himself disclosed in a subsequent IFP application filed in the Central District of California. Compare ECF No. 46 with ECF No. 48-5 at 102-103. Even assuming arguendo that plaintiff had not received the employment income before he signed the IFP application on September 1, 2022, he was in fact employed on that date based on the IFP application he signed three days later which was filed in the Central District of California. Id. So, at best, plaintiff's attestation on the IFP application that he was not presently employed was false. See ECF No. 46 at 1. At worst, he also failed to disclose an additional $800 of employment income. Therefore, the court finds that plaintiff made multiple omissions on his IFP application. He does not provide any explanation for these omissions. Based on this evidence, the court concludes that plaintiff intentionally omitted multiple sources of income on his IFP application in order to mislead the court into granting him IFP status.

Next, the court reviews plaintiff's litigation history in order to assess whether his IFP

application was made in bad faith.  Plaintiff's litigation history can only be described as prolific.[5] By defendant's count, plaintiff has filed over 39 cases in federal district courts throughout California since 2014, and he has requested IFP status in 33 of those cases.  See ECF Nos. 48-4; 48-5; 48-6; 48-7; 48-8.  By the court's tally, plaintiff has filed over 40 cases in this district alone since 2014.  Indeed, by February 25, 2016, plaintiff had already filed three or more civil actions that were dismissed as frivolous, malicious, or failed to state a claim, and, therefore, qualified as strikes under the Prison Litigation Reform Act.  See Williams v. Just, Case No. 2:15-cv-02143-WBS-CKD (E.D. Cal.).  Plaintiff's familiarity with the IFP statute is also demonstrated by his history of obtaining IFP status even after being declared a three-strikes litigant, as in the case at bar.  See ECF Nos. 1 (complaint alleging imminent danger of serious physical injury), 8 (order granting plaintiff IFP status despite being a three-strikes litigant); see also 28 U.S.C. § 1915(g). The court finds that this extensive litigation history demonstrates plaintiff's familiarity with the requirements of the IFP statute.

Having determined that plaintiff's new IFP application was demonstrably false and submitted in bad faith based on plaintiff's extensive litigation history, the PLRA requires that the court dismiss this action.  See 28 U.S.C. § 1915(e)(2)(A) (indicating that the court "shall dismiss the case…").  The only question that remains is whether the appropriate sanction is a dismissal with prejudice.  The federal statute is silent as to this question.  To determine the appropriate sanction, the court first notes that "'[p]erjury is among the worst kinds of misconduct' and cuts at the very heart of the mission of the federal courts."  Kennedy v. Huibregtse, Case No. 13-C-004, 2015 WL 13187300, at *2 (E.D. Wis. Nov. 13, 2015), aff'd, 831 F.3d 441 (7th Cir. 2016) (quoting Rivera v. Drake, 767 F.3d 685, 686 (7th Cir. 2014)).  Additionally, plaintiff has no explanation for his multiple omissions on the IFP application.  Based on the number of omissions combined with plaintiff's significant experience as an IFP litigant, the undersigned concludes that these omissions were made in bad faith.  See Escobedo v. Applebees, 787 F.3d 1226, 1234 n. 8 (9th Cir. 2015) (emphasizing that dismissal pursuant to § 1915(e)(2) requires a showing of bad

---

[5] The number of cases that plaintiff has filed are too numerous for even him to list on the complaint form itself.  See ECF Nos. 1, 8.

faith and not a mere inaccuracy).  A dismissal without prejudice would be no sanction at all based on plaintiff's litigation history.  See Thomas v. General Motors Acceptance Corp., 288 F.3d 305, 306–307 (7th Cir. 2002) (noting that dismissal without prejudice is no sanction at all, unless the statute of limitations has expired).  He would simply file the case anew.  The sanction in this case must be tailored to the nature of the conduct at issue.  Since plaintiff's conduct amounted to submitting a fraudulent statement of indigency on a court form in order to gain a material benefit, the court finds that a dismissal with prejudice is appropriate.  See Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir. 1983) (per curiam) (affirming dismissal with prejudice where plaintiff had intentionally misrepresented his financial status in the affidavit to support his request for IFP status); Mathis v. New York Life Ins. Co., 133 F.3d 546, 547–548 (7th Cir. 1998) (per curiam) (affirming district court's dismissal with prejudice where plaintiff, an experienced IFP litigant, failed to disclose ownership of a home with $14,000 of equity); Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990) (holding that the district court's dismissal with prejudice was justified); Greer v. Schriro, 255 Fed. Appx. 285, at *1 (9th Cir. 2007) (unpub.) (holding that "[t]he district court did not abuse its discretion in dismissing Greer's action, because she failed to adequately explain misrepresentations, made under penalty of perjury, about her previous litigation history."); Dawson v. Lennon, 797 F.2d 934, 935–936 (11th Cir. 1986) (per curiam)(concluding that plaintiff's "behavior in attempting to claim indigent status while failing to draw the court's attention to previous authoritative determinations of his lack of indigency is sufficient evidence of bad faith to support the district court's exercise of discretion [to dismiss the case with prejudice]").  This court has considered alternative sanctions, including dismissal without prejudice.  After reviewing the evidence before the court as well as the relevant law, anything less than a dismissal with prejudice would be inappropriate in this case.  Therefore, the court grants defendant's motion to dismiss this action with prejudice.

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the evidence submitted by defendant, the undersigned concludes that your

new IFP application was false and that the omissions on it were made in bad faith. These findings justify dismissing your case with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice of court records (ECF No. 48-3) is granted.
2. Defendant's motion to dismiss (ECF No. 48) is granted and this action is dismissed with prejudice.
3. Defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 40) is denied as moot.
4. Plaintiff's motion to proceed in forma pauperis (ECF No. 46) is also denied as moot.
5. The Clerk of Court shall close this case.

Dated: December 12, 2022

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/will0051.mtd+m2revokeIFP.docx